Manly, J.
 

 There is no question made but that the bond declared on, was executed by the obligors — was filed in the proper office, and that the person, whose appointment to the office of constable is therein stated as a fact, assumed and performed the duties. Under these circumstances, we think the bond may be supported and enforced as a common law bond. It is quite well settled that bonds, intended to be official, but which for want of conformity, in some respects to the statute, are not so, will be supported as good bonds at common law; see
 
 Williams
 
 v.
 
 Ehringhaus,
 
 3 Dev.
 
 297,
 
 and the cases there cited.
 

 And so, public officers or agents, who are not such “
 
 de jwre,”
 
 by reason of a want of authority in the appointing power, or defect in the. mode of appointment, but who have acted in the office under such defective appointment, are precluded from alleging the informalities as a defense for misconduct. Neither can the sureties, who have voluntarily
 
 *261
 
 joined him in a bond for the performance of his duties, and put him forward as an authorised officer, allege such informalities. These principles, as well as others involved in the case before us, are so fully discussed in the case of
 
 Iredell
 
 v. Barbee, 9 Ired. Rep. 250, that we refer to it for authority on all the points. The defendant, in that ease, was the surety of King, who had been appointed by the County Court, guardian of a woman alleged to bé a lunatic, and who had given the bond in suit, payable to the Governor of the State.
 

 The bond ought to have been payable to the chairman of the County Court, and was, therefore, defective in form, and the guardian appointed, was without power
 
 de
 
 jwe, because the woman had never been found a lunatic, so as to confer the power to appoint, on the Court; yet, it was held the bond might be put in suit by the administrator of the lunatic in the name of the payee, and substantial damages recovered; The delivery and acceptance of the bond for the purposes declared, was held to be a matter of presumption, and other objections, identical with those now made, in the ease before us, were held not to be available by way of defense.
 

 In the case of the
 
 United States
 
 v. Maurice, 2 Brockenbrough 115, referred to in the case of
 
 Iredell
 
 v. Barbee, an officer was held accountable, and the sureties upon his bond liable for moneys received by him, although his appointment was made by one who had no power to make it, and was, therefore, void. These two eases are in point, and together, are decisive of the case under consideration.
 

 Per Curiam,
 

 Judgment affirmed.